JOSEPH W. LYONS, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

57 N. W. 2d 82

Filed February 13, 1953.  No. 33202.

*Grenville P. North,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Dean G. Kratz,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant was charged with breaking and entering a building on January 23, 1951, in the city of Omaha, Douglas County, Nebraska. The jury returned a verdict of guilty and defendant was sentenced to serve 5 years in the State Penitentiary. Defendant prosecutes error to this court.

The defendant was found by the Omaha police while in the act of robbing the Stevens Cigar Store at 4909 South Twenty-fourth Street in that city. The evidence amply establishes that defendant broke into and entered the store. The defendant admits being in the store but claims to have no recollection as to how he got there. The defense made is that defendant was insane. The primary issue therefore is whether or not the defendant

at the time of the breaking and entering in question was capable of distinguishing between right and wrong. While many assignments of error are made, the error proceedings may be finally disposed of by a determination of the correctness of the trial court's rulings on the admissibility of certain expert evidence offered by the defendant.

The defendant called as a witness Dr. Frank R. Barta, a physician specializing in psychiatry and neurology, who testified that he had examined the defendant for the purpose of determining his mental condition. During the course of his examination he was asked a hypothetical question which was nine pages in length and detailed the life history of the defendant, his family life, his school records, his troubles with juvenile officers and courts, his stealing of automobiles, the several burglaries he had committed, the places he had broken into, his knowledge of safe cracking and his experiences in that field, his commitment to the State Reformatory for 4 years and the numerous difficulties he had with the officers of that institution, his attempt to enlist in the army and his rejection as unfit, the violation of his parole from the State Reformatory and his return thereto, his numerous arrests after his discharge from the State Reformatory until the commission of the offense here charged, the details of the present offense, the intoxicating liquors that he drank, the jobs he held and the hours he kept, his alleged mistreatment by the police after his arrest, his failures of memory, a fight with a brother which he says he does not remember, and many other matters of a similar nature. Dr. Barta was asked if he had an opinion based upon the facts assumed in the hypothetical question. He answered in the affirmative. He was asked to give his opinion but, upon objection, the witness was not permitted to answer. We think this ruling was correct. The facts recited are not such as would afford a proper basis for an opinion that defendant was insane. Every event detailed therein

is consistent with a finding of sanity. Of course, the evidence set forth in the hypothetical question furnished a basis for an inference, an inference that could be drawn by a jury as well as by any other person. The answer of a medical expert to such a question, containing nothing requiring a medical expert's opinion, is nothing more than a conclusion which the jury itself is able to determine. Inferences of fact from the recital of evidence involving no expert or scientific matters are for the jury, and a trial court is correct in sustaining objections to hypothetical questions by the defendant containing no facts whatever which point towards the insanity of the defendant. Certainly a recitation of an innumerable succession of crimes not ordinarily induced by insanity does not afford of itself evidence of that degree of insanity which excuses crime. If such were the rule, habitual criminals would be clothed with a complete defense. We think the reasoning set forth in In re Henry's Estate, 167 Iowa 557, 149 N. W. 605, is sufficient to sustain the action of the trial court in excluding the answer of the medical expert to the proffered hypothetical question.

The record shows that Dr. Barta was asked certain questions and gave certain answers, the material parts of which were: "Q * * * From your examination of the man himself as you examined him there, and from the examination you conducted, are you able to state whether or not you could form an opinion as to his sanity or insanity on the 23rd of January? * * * A Yes, I can. Q And did you form such an opinion? A I did. Q I now ask you to state whether in your opinion the defendant, Joseph W. Lyons, was sane or insane on January 23, 1951, without paying any attention or taking into consideration any of the matters that were told to you that were not known to you personally?" An objection was sustained on the ground that there was a want of sufficient foundation. This was prejudicial error.

As we have stated, the medical expert had qualified as such. He not only had observed the defendant but he had examined him in the manner recognized by the medical profession to determine whether he was sane or insane, and whether he knew the difference between right and wrong at the time in question. This, we think, is sufficient foundation for the expert to give his opinion, subject to the right of cross-examination. Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761. While the foregoing sets forth the correct rule, we point out that defendant attempted to lay additional foundation by having the physician describe the manner in which he examined the defendant. This evidence was also excluded on the grounds of insufficient foundation and that it was based on self-serving statements by the defendant himself. Proper offers of proof were made which supported the defense made. It is self-evident, we think, that there may be nothing that can be physically seen in a deranged mind. Its derangement may be discovered in the way it operates and reacts under certain conditions. Questioning of the patient under such circumstances to find out if the mind works normally and rationally is not a self-serving declaration within the ordinary concept of that term. While it is not necessary under the rules laid down by this court for an expert to state in detail the methods used in arriving at his conclusion, it is not improper for him to do so. The authorities appear to be divided on the question as to whether an expert witness should be required to state the methods pursued in his examination as a foundation for an opinion or if he should give his opinion and leave it to cross-examination to uncover all the data used in arriving at such opinion. Torske v. State, 123 Neb. 161, 242 N. W. 408. In any event, the trial court erred in the respects noted. The defendant was entitled to have the testimony of Dr. Barta before the jury for its consideration. The error was clearly prejudicial to the rights of the defendant. The judgment of the dis-

trict court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.